# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MULDOWNEY**, | : | Civil Action No. 1:10-cv-2555 |
| **Plaintiff,** | : | |
| v. | : | (Judge Conner) |
| **K-MART CORPORATION and SEARS HOLDINGS, INC.**, | : | |
| **Defendants** | : | |

## **ORDER**

And now this 11th day of December, 2012, upon consideration of Defendants K-Mart Corporation and Sears Holdings, Inc.'s ("K-Mart/Sears") motion to strike (Doc. 45) certain exhibits attached to Plaintiff William Muldowney's ("Muldowney") response (Doc. 28) to K-Mart/Sears's previously filed motion for summary judgment (Doc. 22), and the court acknowledging that these exhibits are an e-mail chain allegedly sent on October 11, 2009, as well as the verified statements of Muldowney and paralegal Andrea Fiorentino relating to this email chain, and the court noting that copies of the email chain were provided to K-Mart/Sears after the close of discovery and after K-Mart/Sears filed their motion for summary judgment, and the court further noting that Andrea Fiorentino was never listed as an individual with potentially discoverable information as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i) (stating "a party must . . . provide to the other parties [] the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the

disclosing party may use to support its claims or defenses"), and the court further recognizing the parties' agreement that an appropriate remedy in the captioned case is to re-open discovery for the limited purpose of deposing Muldowney and Andrea Fiorentino regarding the October 11, 2009 email chain, (see Doc. 46, at 8 n.7 ("[K-Mart/Sears] respectfully request[] the right to conduct discovery with respect to the e-mails . . . and with respect to Ms. Fiorentino's verified statement); Doc. 50, at 4 ("Plaintiff's counsel takes no issue with this request and indeed agrees that, given the inadvertent failure to produce the actual emails . . . Defendants have the right to take additional discovery on those emails should they wish to do so")), and the court finding that the email chain and statements of Muldowney and Andrea Fiorentino are directly relevant to Muldowney's pending summary judgment motion, it is hereby ORDERED that K-Mart/Sears' motion to strike (Doc. 45) is GRANTED in part and DENIED in part as follows:

1. Discovery in the captioned matter is re-opened for a period of thirty (30) days to allow the parties to conduct discovery regarding the October 11, 2009 email chain and to depose Andrea Fiorentino and William Muldowney regarding this email chain.

2. The parties shall have twenty (20) days from the date of the receipt of the deposition transcripts to filed supplemental briefing with the court regarding this issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge